UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Steven Richard Well,<br><br>     Petitioner,<br><br>  v.<br><br>Mark Thompson ,<br><br>     Respondent. | Case No. 2:23-cv-00165-JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR APRIL 12, 2024 |

On February 1, 2023, Petitioner Steven Richard Well filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. Dkt. 1, Dkt. 5. The Petition challenges Mr. Well's current commitment to the Washington Department of Social and Health Services. The Court granted Petitioner's motion to appoint counsel on April 25, 2023. Dkt. 11. Respondent filed a response to the petition on September 13, 2023. Dkt. 19.

On February 14, 2024, the Petitioner asked the Court to accept a notice of voluntary dismissal of his federal habeas corpus petition, while he pursues litigation in state court to exhaust state remedies. Dkt. 28. This notice is based on Fed. R. Civ. P. 41 (a)(1)(A)(ii). Dkt. 28 at 1. The Respondent stipulated they would agree to the dismissal without prejudice under Fed. R. Civ. P. 41 (a)(1)(A)(ii). Dkt. 28 at 2. The parties' stipulation includes a signed authorization from the Petitioner. Dkt. 28 at 4-5. The parties have stipulated that currently the Court has not decided any issue relating to successive petitions, or whether the 28 U.S.C. § 2244 (d)(1) one-year limitation would

bar this petition; but if another federal habeas corpus petition is filed by Petitioner, the Respondent may in the future, ask a court to review these issues. Dkt. 28, at 1-2.

Because Petitioner originally filed this federal habeas corpus petition pro se, and the Court later appointed counsel to represent him, the Court determined that it was necessary to conduct a hearing and confirm whether petitioner understood the situation and has the ability to make a decision to enter into this stipulation of dismissal. Dkt. 29. The Court held a hearing by video conference on Zoom, with the Respondent's attorney appearing remotely, and with Petitioner and his attorney both appearing remotely from the same room at Western State Hospital, on March 22, 2024. The Petitioner confirmed, on the record, that he consulted with his attorney before the hearing, and he understood and agreed to enter into this stipulation of dismissal. His attorney confirmed that he had consulted with his client, in person, before the hearing, and he also believed that Petitioner understood and agreed with the stipulation and dismissal without prejudice.

Based on the hearing, and confirmation from the Petitioner that he understands the stipulation of dismissal without prejudice, the Court should accept the stipulation of dismissal and direct the Clerk's Office to enter the stipulation of dismissal and close the case under Fed. R. Civ. R. 41(a)(1)(A)(ii)[1].

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

---

[1] The parties stipulated that the Court is not ruling on timeliness issues or any claims on its merits for purposes of successive petition claims. Thus, the parties seek for the petition to be dismissed by the Clerk's office and without a court order. The undersigned, in turn, does not submit a proposed order to accompany this Report and Recommendation.

result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 12, 2024 , as noted in the caption.

Dated this 26th day of March, 2024.

Theresa L. Fricke
United States Magistrate Judge